UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

CHRISTINA M.F.,

                Plaintiff,

v.                                                   5:17-CV-0840
                                                  (GTS)

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

                Defendant.
_____

APPEARANCES:                                   OF COUNSEL:

OLINSKY LAW GROUP                      HOWARD D. OLINSKY, ESQ.
  Counsel for Plaintiff
300 S. State Street, Suite 420
Syracuse, New York 13202

SOCIAL SECURITY ADMINISTRATION       ELIZABETH ROTHSTEIN, ESQ.
OFFICE OF GENERAL COUNSEL–REGION II   Special Assistant U.S. Attorney
  Counsel for the Defendant
26 Federal Plaza, Room 3904
New York, New York 10278

GLENN T. SUDDABY, Chief United States District Judge

# **DECISION and ORDER**

        Currently before the Court, in this action filed by Christina M.F. ("Plaintiff") against the Commissioner of Social Security ("Defendant" or "Commissioner") pursuant to 42 U.S.C. §§ 405(g), is Plaintiff's motion for judgment on the pleadings and Defendant's motion for judgment on the pleadings. (Dkt. Nos. 9, 10.) For the reasons set forth below, Plaintiff's motion for judgment on the pleadings is denied and Defendant's motion for judgment on the pleadings is granted. The Commissioner's decision denying Plaintiff disability benefits is affirmed, and Plaintiff's Complaint is dismissed.

I.  RELEVANT BACKGROUND

   A.  Factual Background

Plaintiff was born in 1985, making her 27 years old on the alleged onset date, 28 years old on the application filing date, and 30 years old on the date of the Administrative Law Judge's ("ALJ") decision.  Plaintiff reported having a ninth grade education; she studied for her GED but never obtained it.  Plaintiff had past work as a bus monitor working 25-35 hours per week and a short order cook working full time.  In her application, Plaintiff alleged disability due to work related injuries, neck injury, and left arm injury.

   B.  Procedural History

Plaintiff applied for Disability Insurance Benefits and Supplemental Security Income on November 17, 2013, alleging disability beginning December 20, 2012.  Plaintiff's application was initially denied on January 22, 2014, after which she timely requested a hearing before an ALJ.  Plaintiff appeared at a hearing before ALJ Jennifer Gale Smith on October 20, 2015, in Syracuse, New York.  On February 4, 2016, the ALJ issued a written decision finding Plaintiff was not disabled under the Social Security Act.  (T. 17-27.)  On June 1, 2017, the Appeals Council denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.  (T. 1-3.)

   C.  The ALJ's Decision

Generally, in her decision, the ALJ made the following eleven findings of fact and conclusions of law.  (T. 19-27.)  First, the ALJ found that Plaintiff was insured for benefits under Title II until March 31, 2017.  (T. 19.)  Second, the ALJ found that Plaintiff has not engaged in substantial gainful activity since her alleged onset date.  (*Id*.)  Third, the ALJ found that

Plaintiff's obesity, cervical radiculopathy with cervical disc bulging, mild left shoulder tendonitis, depression, anxiety, and post-traumatic stress disorder ("PTSD") with panic attacks are severe impairments. (T. 19-23.) Fourth, the ALJ found that Plaintiff's severe impairments do not meet or medically equal one of the listed impairments in 20 C.F.R. § 404, Subpart P, App. 1 (the "Listings"). (T. 23-24.) Specifically, the ALJ considered Listings 1.04 (spinal disorders), 12.00 (adult mental disorders), 12.04 (affective disorders), and 12.06 (anxiety-related disorders). (*Id.*) Fifth, the ALJ found that Plaintiff has the residual functional capacity ("RFC") to perform

> less than the full range of light work as defined in 20 CFR 404.1567(b), with ability to lift/carry 20 pounds occasionally and 10 pounds frequently; sit 6 hours in a routine 8-hour workday; and stand/walk 6 hours total in such a workday; but should not climb ladders, ropes, and scaffolds, kneel crouch and crawl; can occasionally balance stoop and climb ramps and stairs; can turn her head sideways between one-third and two-thirds of the day; claimant is right hand dominant; claimant can reach overhead with her left arm between one third and two thirds of the day; claimant can frequently reach in all other directions with her left arm; frequently reach with her right arm. The claimant should change positions every half hour; but can stay on task at the work station during the position change. In addition, claimant should work at simple routine and repetitive tasks; should work at a low stress job defined as occasional decision making, occasional judgment required and occasional changes in the work setting; and claimant should have occasional contact with coworkers, supervisors and the public; claimnt [sic] should work at goal oriented work rather than production pace.

(T. 24.) Sixth, the ALJ found that Plaintiff is unable to perform any past relevant work. (T. 26.) Seventh, the ALJ found that Plaintiff was born on October 12, 1985, and was 27 years old, which is defined as a younger individual age (between ages 18 and 49), on the alleged disability onset date. (*Id.*) Eighth, the ALJ found that Plaintiff has a limited education and is able to communicate in English. (*Id.*) Ninth, the ALJ found that transferability of job skills is not an issue in this case because Plaintiff's past relevant work is unskilled. (*Id.*) Tenth, the ALJ found

that, considering Plaintiff's age, education, work experience, and residual function capacity, there are jobs that exist in significant numbers in the national economy that she can perform. (T. 26-27.) More specifically, the vocational expert testified that, given these factors, Plaintiff would be able to perform the requirements of representative occupations such as photocopy machine operator, router, and collater operator. (*Id.*) Eleventh, the ALJ therefore concluded that Plaintiff is not disabled.

### D. The Parties' Briefings on the Motions

#### 1. Plaintiff's Motion for Judgment on the Pleadings

Generally, Plaintiff makes three arguments in support of her motion for judgment on the pleadings. (Dkt. No. 9, at 15-24 [Pl.'s Mem. of Law].)

First, Plaintiff argues that the RFC determination is not supported by substantial evidence because the ALJ failed to follow the treating physician rule and failed to provide "good reasons" for discounting the opinion of Dr. Robinson. (*Id.* at 15-20.) Plaintiff argues that (a) Dr. Robinson's opinion was consistent with objective findings in the record as well as the opinions of the other treating and examining physicians of record, and (b) the ALJ erred in making "a blanket accusation that parts of Dr. Robinson's report were based on subjective statements, without any support from the record or further explanation." (*Id.* at 17-18.) Plaintiff also argues that, the ALJ erred in discounting Dr. Robinson's limitations on Plaintiff's absenteeism and time "off task" because Dr. Robinson's opinion was presumably based on five plus years of clinical treatment and observation of Plaintiff cervical impairment. (*Id.* at 19.)

Second, Plaintiff argues that the mental RFC determination is not supported by substantial evidence because the ALJ rejected the opinions of all medical sources, leaving the

4

mental RFC determination unsupported by any medical opinion and based only on the her own lay interpretation of the medical evidence. (*Id.* at 20-22). Plaintiff argues that the ALJ assigned partial weight to the opinions of NP Serba-Germain and Dr. Shaprio, that there was no state agency opinion of Plaintiff's limitations, and that the "ALJ did not mention or refer to the single decision maker, who gave no opinion on Plaintiff's mental health." (*Id.* at 21-22.) As a result, Plaintiff argues that the ALJ could only have used her lay interpretation of the medical evidence, which was in error. (*Id.* at 22.)

Third, Plaintiff argues that the ALJ's Step Five finding is not supported by substantial evidence because the ALJ relied on testimony from the vocational expert elicited in response to an incomplete hypothetical question based on the ALJ's incorrect RFC finding. (*Id.* at 23-24.) Plaintiff also argues that the vocational expert testified that a person with the limitations opined by Dr. Robinson and NP Scherba-Germain, would be unable to engage in competitive employment. (*Id.*)

### 2. Defendant's Motion for Judgment on the Pleadings

Generally, Defendant makes two arguments in support of her motion for judgment on the pleadings. (Dkt. No. 10, at 7-16 [Def.'s Mem. of Law].)

First, Defendant argues that the RFC finding is supported by substantial evidence because the ALJ properly evaluated the opinion evidence. (*Id.* at 7-14.) More specifically, Defendant argues that the ALJ considered and provided good reasons for giving little weight to the opinion of Dr. Robinson, partial weight to the opinion of Nurse Practitioner ("NP") Scherba-Germain, and discounted weight to the opinion of Dr. Shapiro for the following reasons: (a) Dr. Robinson's restrictive opinion was inconsistent with his own objective findings and the reports

of other medical professionals; (b) Plaintiff relies on treatment records from before the alleged onset date; (c) much of NP Scherba-Germain's opinion supports the ALJ's RFC finding; (d) the portions of NP Scherba-Germain's opinion that conflicted with the ALJ's RFC finding were based on Plaintiff's physical symptoms, which were outside the scope of the treatment provided by NP Scherba-Germain or were supported by the relatively normal mental status findings of other providers; and (e) Dr. Shapiro's estimation of Plaintiff's cognitive function as being in the deficient range was not consistent with the record including Plaintiff's report that she enjoyed reading as a hobby and in any event, was consistent with the ALJ's RFC finding, which included simple routine work in a low-stress job with occasional contact with supervisors, co-workers, and the public. (*Id.*)

Second, Defendant argues that substantial evidence supports the ALJ's step five finding. (*Id.* at 15-16.) More specifically, Defendant argues that the hypothetical question that the ALJ presented to the vocational expert mirrored the RFC finding and included all credibly established limitations supported by substantial evidence. (*Id.* at 15.) The vocational expert testified that such an individual could perform the unskilled light-exertion work of a photocopy machine operator, router, and collator operator, and occupations at the sedentary exertion level including an addresser, document preparer, microfilmer, cutter and paster, and press clipper. (*Id.*)

## II. APPLICABLE LEGAL STANDARDS

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. 42 U.S.C. § 405(g); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if the

correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *accord Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983), *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979). "Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

B.  **Standard to Determine Disability**

The Commissioner has established a five-step evaluation process to determine whether an individual is disabled as defined by the Social Security Act. 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court has recognized the validity of this sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform. Under the cases previously discussed, the claimant bears the burden of the proof as to the first four steps, while the [Commissioner] must prove the final one.

*Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982); *accord McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). "If at any step a finding of disability or non-disability can be made, the SSA will not review the claim further." *Barnhart v. Thompson*, 540 U.S. 20, 24 (2003).

III.  **ANALYSIS**

A.  **Whether the ALJ's RFC Determination Is Supported by Substantial Evidence**

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendant's memorandum of law. (Dkt. No. 10, at 7-14 [Def.'s Mem. of

8

Law].) To those reasons, the Court adds the following analysis.[1]

The Second Circuit has long recognized the "treating physician rule" set out in 20 C.F.R. § 404.1527(c). "'[T]he opinion of a claimant's treating physician as to the nature and severity of the impairment is given 'controlling weight' so long as it is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the case record.'" *Greek v. Colvin*, 802 F.3d 370, 375 (2d Cir. 2015) (quoting *Burgess v. Astrue*, 537 F.3d 117, 128 [2d Cir. 2008]). However, there are situations in which the treating physician's opinion is not entitled to controlling weight, when the ALJ must "explicitly consider, inter alia[, the following]: (1) the frequency, length, nature, and extent of treatment; (2) the amount of medical evidence supporting the opinion; (3) the consistency of the opinion with the remaining medical evidence; and (4) whether the physician is a specialist." *Greek*, 802 F.3d at 375 (quoting *Selian v. Astrue*, 708 F.3d 409, 418 [2d Cir. 2013]). Nonetheless, "[w]here an ALJ's reasoning and adherence to the Regulations is clear, she is not required to explicitly go through each and every factor of the Regulation." *Blinkovitch v. Comm'r of Soc. Sec.*, 15-CV-1196, 2017 WL 782979, at *4 (N.D.N.Y. Jan. 23, 2017) (Carter, M.J.), Report and Recommendation adopted by 2017 WL 782901 (N.D.N.Y. Feb. 28, 2017) (Suddaby, C.J.) (citing *Atwater v. Astrue*, 512 F. App'x 67, 70 [2d Cir. 2013]). After considering these factors, "the ALJ must 'comprehensively set forth [his] reasons for the weight assigned to a

---

[1] On January 18, 2017, the Social Security Administration ("SSA") published a final rule that changed the protocol for evaluating medical opinion evidence. *See* Revisions to Rules Regarding the Evaluation of Medical Opinion Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017) (codified at 20 C.F.R. §§ 404 & 416). Those new regulations apply only to claims filed with the SSA on or after March 27, 2017. Because Plaintiff's claim was filed on prior to that date, to the extent that the regulations are cited, the Court refers to versions of the regulations that were in effect prior to March 27, 2017.

treating physician's opinion.'" *Greek*, 802 F.3d at 375 (quoting *Burgess*, 537 F.3d at 129). "The failure to provide 'good reasons for not crediting the opinion of a claimant's treating physician is a ground for remand.'" *Id.* at 375 (quoting *Burgess*, 537 F.3d at 129-30).

The factors for assessing opinions from non-treating medical sources are the same as those for assessing treating sources, with the consideration of whether the source examined the claimant replacing the consideration of the treatment relationship between the source and the claimant. 20 C.F.R. § 404.1527(c)(1)-(6).

As discussed above, Plaintiff's primary arguments are that the ALJ erred in weighing the opinion evidence and formulating the RFC by (a) failing to follow the treating physician rule and failing to provide "good reasons" for discounting the opinion of Dr. Robinson, and (b) rejecting the opinions of all the mental health medical sources, leaving the mental RFC unsupported by any medical opinion and instead based on the ALJ's own lay interpretation of the medical evidence. (Dkt. No. 9, at 15-22 [Pl.'s Mem. of Law].)

In weighing the opinion evidence, the ALJ discussed opinions about Plaintiff's functioning from treating NP Elaine Scherba-Garmain, consultative general vascular surgeon Elke Lorensen, M.D., treating physician Stephen Robinson, M.D., non-examining medical expert Anthony Francis, M.D., and consultative psychologist Jeanne Shapiro, Ph.D. (T. 25.) The ALJ stated that she gave the opinion of source Scherba-Germain "partial weight," Dr. Lorensen "great weight," Dr. Robinson "little weight," Dr. Francis "great weight," and Dr. Shapiro "partial weight." (*Id.*)

The Court finds that the ALJ has not failed to account for the limitations expressed in these opinions. *See Fiducia v. Comm'r of Soc. Sec.*, 16-CV-1317, 2017 WL 4513405, at *4

(N.D.N.Y. Oct. 10, 2017) (Suddaby, C.J.) (collecting cases indicating that failure to weigh opinions that do not conflict with the ALJ's findings or that would not change the outcome of the ALJ's decision is merely harmless error).

### 1. Substantial Evidence Supports the ALJ's Assignment of "Little Weight" to Dr. Robinson's Opinion

With regard to the opinion of Dr. Robinson, the ALJ stated that she gave the opinion little weight "as being inconsistent with objective findings, and based speculatively on subjective statements in regard to predicted absences from work and being 'off-task.'" (T. 25.) These are legitimate and "good reasons" for giving Dr. Robinson's opinion "little weight."

Inconsistency with objective findings, or lack of support from the record evidence, can constitute a good reason for rejecting an opinion even from a treating physician. *See Saxon v. Astrue*, 781 F. Supp. 2d 92, 102 (N.D.N.Y. 2011) (Mordue, C.J.) ("The less consistent an opinion is with the record as a whole, the less weight it is to be given.") (citing *Stevens v. Barnhart*, 473 F. Supp. 2d 357, 362 [N.D.N.Y. 2007] [Bianchini, M.J.]); *Otts v. Comm'r of Soc. Sec.*, 249 F. App'x 887, 889 (2d Cir. 2007) (noting that an ALJ may reject an opinion from a treating physician "upon the identification of good reasons, such as substantial contradictory evidence in the record") (citing *Halloran v. Barnhart*, 362 F.3d 28, 32 [2d Cir. 2004]); 20 C.F.R. §§ 404.1527(c)(4), 416.927(c)(4) (indicating that the extent that an opinion is consistent with the record as a whole is one of the factors considered when determining the amount of weight to which an opinion is entitled).

Similarly, being based on subjective complaints can constitute a good reason for rejecting an opinion from a treating physician. *See Aldrich v. Astrue*, 08-CV-0402, 2009 WL 3165726, at *7 (N.D.N.Y. Sept. 28, 2009) (McAboy, J.) (finding that the ALJ was entitled to afford less than

controlling weight to the opinion of a treating physician who appeared to rely on the plaintiff's subjective complaints more than any diagnostic or clinical evidence); *Dailey v. Comm'r of Soc. Sec.*, 14-CV-1518, 2016 WL 922261, at *5 (N.D.N.Y. Feb. 18, 2016) (Carter, M.J.) (noting that "[a]n ALJ may provide less weight to a treating source's opinion if that opinion is based on plaintiff's subjective complaints and not on objective medical evidence") (citing *Rivera v. Colvin*, 592 F. App'x 32, 33 [2d Cir. 2015]; *Roma v. Astrue*, 468 F. App'x 16, 19 [2d Cir. 2012]; *Major v. Astrue*, No. 12-CV-304S, 2013 WL 2296396, at *5 [W.D.N.Y. May 24, 2013]; *Ford v. Astrue*, No. 06-CV-1227, 2010 WL 3825618, at *9 [N.D.N.Y. Sept. 24, 2010] [Kahn, J.]).

Finally, the Court finds that the ALJ was correct in finding that Dr. Robinson's opinion was based on an inconsistency with objective findings and further it relied on subjective complaints of plaintiff.

For all of the reasons stated in Defendant's memorandum of law, the Court finds that there the ALJ properly weighed the opinion evidence, formulated the RFC, and provided "good reasons" for discounting the opinion of Dr. Robinson. (Dkt. No. 10, at 7-12.) *See Micheli v. Astrue*, 501 F. App'x 26, 28 (2d Cir. 2012) ("A physician's opinions are given less weight when his opinions are internally inconsistent.").

### 2. Substantial Evidence Supports the ALJ's Mental RFC Finding

The ALJ afforded NP Scherba-Germain's opinion "partial weight, because [she] is not an acceptable medical diagnostic source under the Act, and has stated that the psychiatric impairment does not affect ability to work. Other opinions are based on subjective reporting of pain." (T. 25.) In addition, the ALJ assigned "partial weight" to the opinion of consultative expert Dr. Shapiro because his

> statements . . . are only partially consistent with the entirety of the record. Specifically, there is no evidence to support that the claimant is deficient in intellect. Claimant lists reading as a hobby . . . and has no reasonably credible deficit in adaptive functioning since [she] has worked as a short order cook and monitor with no claim that she was unable to do these jobs on the intellectual basis. Accordingly, there is no convincing evidence whatsoever that there is any significant intellectual disability involved in this case.

(T. 25-26.)

In formulating a plaintiff's RFC, an ALJ does not have to adhere to the entirety of one medical source's opinion. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013) ("Although the ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he was entitled to weigh all of the evidence available to make an RFC finding that was consistent with the record as a whole."); *Zongos v. Colvin*, 12-CV-1007, 2014 WL 788791, at *9 (N.D.N.Y. Feb. 25, 2014) (Sharpe, C.J.) (finding that it was within the ALJ's discretion to afford weight to a portion of a treating physician's opinion but not to another portion); *Quinn v. Colvin*, 199 F. Supp. 3d 692, 712 (W.D.N.Y. 2016) ("'Although [an] ALJ's conclusion may not perfectly correspond with any of the opinions of medical sources cited in his decision, he [is] entitled to weigh all of the evidence available to make an RFC finding that [is] consistent with the record as a whole.'") (quoting *Matta v. Astrue*, 508 F. App'x 53, 56 [2d Cir. 2013]); *West v. Comm'r of Soc. Sec.*, 15-CV-1042, 2016 WL 6833060, at *5 (N.D.N.Y. Oct. 18, 2016) (Mitchell, M.J.), Report and Recommendation adopted by 2016 WL 6833995 (N.D.N.Y. Nov. 18, 2016); *see also Dirisio v. Comm'r of Soc. Sec.*, 15-CV-1181, 2016 WL 7378930, at *4 (N.D.N.Y. Dec. 20, 2016) (Suddaby, C.J.) ("In formulating the RFC, an ALJ is not required to adhere to the entirety of one medical source's opinion.") (citing *Matta*, 508 F. App'x at 56); *Wilburn v. Colvin*, 15-CV-0058, 2016 WL 1237789, at *4 (N.D.N.Y. Feb. 29, 2016) (Dancks,

M.J.) (finding that the ALJ was not obligated to incorporate all of a physician's limitations into the RFC where he afforded the opinion "significant but not great weight").

For all of the reasons stated in Defendant's memorandum of law, the Court finds that the ALJ properly weighed the opinion evidence and formulated the mental RFC based on the medical opinions contained in the record. (Dkt. No. 10, at 7-12.) In short, contrary to Plaintiff's arguments, the ALJ did precisely what she was expected to do: consider all of the opinion evidence and balance the differing opined limitations in light of the evidence as a whole when formulating the RFC.

For all of the above reasons, the Court finds that the ALJ's RFC finding, based on her weighing of the opinion and other evidence, is consistent with the applicable legal standards and supported by substantial evidence. Remand is therefore not warranted on this basis.

### B. Whether the ALJ's Step Five Finding Is Supported by Substantial Evidence

After careful consideration, the Court answers this question in the affirmative for the reasons stated in Defendant's Memorandum of Law. (Dkt. No. 10, at 15-16 [Def.'s Mem. of Law].) To those reasons, the Court adds the following analysis.

Although a claimant has the general burden to prove he has a disability under the definitions of the Social Security Act, the burden shifts to the Commissioner at Step Five "'to show there is other work that [the claimant] can perform.'" *McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014) (quoting *Brault v. Soc. Sec. Admin.*, 683 F.3d 443, 445 [2d Cir. 2012]).

"An ALJ may rely on a vocational expert's testimony regarding a hypothetical as long as 'there is substantial record evidence to support the assumption[s] upon which the vocational expert based his opinion' [] and [the hypothetical] accurately reflect[s] the limitations and

14

capabilities of the claimant involved." *McIntyre v. Colvin*, 758 F.3d 146, 151 (2d Cir. 2014) (quoting *Dumas v. Schweiker*, 712 F.2d 1545, 1553-54 [2d Cir. 1983], and citing *Aubeuf v. Schweiker*, 649 F.2d 107, 114 [2d Cir. 1981]).

"The 'proper use of vocational testimony presupposes both an accurate assessment of the claimant's physical and vocational capabilities, and a consistent use of that profile by the vocational expert in determining which jobs the claimant may still perform.'" *Pardee v. Astrue*, 631 F. Supp. 2d 200, 211 (N.D.N.Y. 2009) (quoting *Lugo v. Chater*, 932 F. Supp. 497, 503 [S.D.N.Y. 1996]). There also "must be 'substantial evidence to support the assumption upon which the vocational expert based his opinion.'" *Pardee*, 631 F. Supp. 2d at 212 (quoting *Dumas v. Schweiker*, 712 F.2d 1545, 1554 [2d Cir. 1983]). "If a hypothetical question does not include all of a claimant's impairments, limitations, and restrictions, or is otherwise inadequate, a vocational expert's response cannot constitute substantial evidence to support a conclusion of no disability." *Pardee*, 631 F. Supp. 2d at 211 (citing *Melligan v. Chater*, 94-CV-944S, 1996 WL 1015417, at *8 [W.D.N.Y. Nov. 14, 1996]).

Here, Plaintiff's arguments related to Step Five of the sequential evaluation are based on her arguments that the ALJ failed to properly weigh the opinion evidence and incorporate all of Plaintiff's limitations into the RFC, pointing instead to her own hypothetical questions posed to the vocational expert at the hearing. (Dkt. No. 9 at 23-24 [Pl.'s Mem. of Law].) However, as discussed above in Part III.A. of this Decision and Order, the ALJ properly accounted for the opined limitations in the RFC. The fact that Plaintiff wishes to interpret those limitations in a different way than does the ALJ is not persuasive, particularly given the substantial evidence in the record supporting the interpretation adopted by the ALJ. Plaintiff simply has not shown that

the Step Five finding is unsupported by substantial evidence, and therefore remand is not warranted on this basis.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is **DENIED**; and it is further

**ORDERED** that Defendant's motion for judgment on the pleadings (Dkt. No. 10) is **GRANTED**; and it is further

**ORDERED** that the Commissioner's decision denying Plaintiff disability benefits is **AFFIRMED**; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED**.

Dated: January 9, 2019
       Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge